UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAYNE HEAVY CIVIL, INC.                              CIVIL ACTION

VERSUS                                               NO: 17-9496

HEALTHEON, INC.                                      SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 18)** filed by defendant Healtheon, Inc. Plaintiff, Layne Heavy Civil, Inc., opposes the motion. The motion, noticed for submission on January 10, 2018, is before the Court on the briefs without oral argument.

Layne Heavy Civil, Inc. alleges as follows:

Healtheon is the prime contractor under a contract with NASA related to the John C. Stennis Space Center. (Rec. Doc. 1 at ¶ 8). In August 2013, Layne entered into a subcontract with Healtheon for the High Pressure Industrial Water Line Replacement at Stennis, which is located in Hancock County, Mississippi. (*Id.* ¶ 9). The project concerned constructing a new 96-inch pipeline to feed water to NASA's upgraded rocket engine test stands. Layne's scope was to construct the 96-inch pipeline and all related appurtenances. (*Id.* ¶ 10). Layne fully or substantially performed all work required under its contract. (*Id.* ¶ 13). Healtheon has not paid Layne all monies owed under the contract. (*Id.* ¶ 14).

Layne filed this action to recover the additional money owed under the contract as well as payment for costs that Layne incurred outside of the contract. Layne has asserted claims for breach of contract, unjust enrichment, and declaratory judgment.

Healtheon now moves to dismiss the unjust enrichment and declaratory relief claims (Counts II and III). Healtheon argues that the claim for unjust enrichment cannot exist alongside the claim for breach of contract, and that the claim for declaratory relief is redundant.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d

690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The Court is persuaded, for the reasons argued in Layne's opposition, that the motion should be denied. As Layne points out, the unjust enrichment claim applies for the most part to the unpaid back charges for supply costs, which may or may not have been part of the contract. There may be no other remedy at law for this recovery. *See* La. Civ. Code art. 2298. As to the claim for declaratory relief, the Court sees no purpose in dismissing it at this time and declines to exercise its discretion to do so.

Accordingly and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 18)** filed by defendant Healtheon, Inc. is **DENIED.**

January 11, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE