UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAYNE HEAVY CIVIL, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-9496** |
| **HEALTHEON, INC.** | **SECTION: "A" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Compel Discovery (R. Doc. 37)** filed by the Plaintiff Layne Heavy Civil, Inc. seeking to compel Defendant Healtheon, Inc. to provide responsive answers to Interrogatory Nos. 1-7 and 10-12. The motion is opposed. R. Doc. 42. Oral argument was heard on August 15, 2018.

### I.   Background

This action was originally filed in the District Court on September 22, 2018. R. Doc. 1. Healtheon was the prime contractor under a contract with NASA related to construction at the John C. Stennis Space Center. R. Doc. 1, p. 2. In August 2013, Layne entered into a subcontract ("Contract") with Healtheon to perform work at the Space Center. *Id*. The Contract between Healtheon and Layne concerned constructing a new 96-inch pipeline to feed water to NASA's upgraded rocket engine test stands. Layne's scope was to construct the 96-inch pipeline. *Id*. Following the completion of the pipeline, Layne filed this action and alleged that Healtheon has withheld $1.3 million in payment owed from the Contract.

At this time, Layne has filed a motion to compel Healtheon to provide complete discovery responses to its Interrogatories. R. Doc. 37. Layne originally propounded its first set of Interrogatories on March 23, 2018, and their second set on April 16, 2018. R. Doc. 37-5. Healtheon responded with objections to all requests on April 24, 2018, and May 16, 2018, respectively. *Id.* On May 24, 2018, Layne and Healtheon conferred by e-mail regarding

Healtheon's objections to the first two sets of Interrogatories. R. Doc. 37-8. Layne requested in this e-mail that Healtheon provide responsive answers to Interrogatory Nos. 1-7 and 10-12. *Id.*

On June 28, 2018, Healtheon responded with its First Supplemental and Amended Responses. R. Doc. 37-6. The Supplemental and Amended Responses raised further objections. *Id.* Layne conferred with Healtheon again via e-mail on June 28, 2018, stating that the First Supplemental and Amended Responses had still inadequately answered Interrogatory Nos. 1-7 and 10-12. R. Doc. 37-8. In the same e-mail Layne told Healtheon that it considered its Rule 37(a) obligations fulfilled. *Id*.

Healtheon has opposed the motion. R. Doc. 42. Healtheon argues that Layne has not fulfilled its Rule 37(a) obligations, that Interrogatory Nos. 1-7 and 10-11 are premature contention interrogatories, and that Interrogatory Nos. 11-12 are vague and ambiguous.

## II.      Standard of Review

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

### III. Analysis

Healtheon makes three arguments against the instant Motion to Compel. First, Healtheon argues that the Motion should be denied outright because Layne failed to fulfill its 37(a) obligation to meet and confer. Second, Healtheon argues that Interrogatory Nos. 1-7 and 10-11 are premature contention interrogatories. Third, Healtheon argues that Interrogatory Nos. 11-12 are vague and ambiguous. The Court addresses Healtheon's Rule 37(a) objection first.

#### A. Rule 37(a)

As a threshold matter, the Court finds that Layne satisfied Federal Rules of Civil Procedure 37(a) by making a good faith effort to resolve the dispute before seeking relief by the Court. The Court notes that Healtheon and Layne have been conferring since May 24, 2018, which is when Layne requested by e-mail that Healtheon provide responsive answers to Interrogatory Nos. 1-7 and 10-12. R. Doc. 37-8. On June 28, 2018, Layne conferred with Healtheon again, this time regarding Healtheon's First Supplemental and Amended Responses. R. Doc. *Id.*; R. Doc. 37-6.

The Court notes that Layne has provided the necessary Rule 37 Certificate. R. Doc. 37-2. Therefore, this objection is overruled.

### B. Contention Interrogatories

Healtheon objected to Interrogatory Nos. 1-7 and 10-11 as being premature contention Interrogatories. R. Doc. 42, p. 5. These Interrogatories asked for Healtheon's contentions regarding Layne's alleged Contract breaches, all damages arising from those alleged breaches, and the value of Layne's performance to Healtheon under the Contract. R. Doc. 37-5; Interrogatory Nos. 1-3, 10-11. Layne also requested that Healtheon state their contentions regarding Layne's alleged non-payment of subcontractors, Layne's alleged misrepresentation and misappropriation of funds, and Layne's alleged violation of Federal Acquisition Requirements. R. Doc. 37-5; Interrogatory Nos. 4-7.

These Interrogatories all request that Healtheon state the facts that support its contentions and are by definition contention interrogatories. *InternetAd Systems LLC v. ESPN, INC.*, No. 03-2787, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004). Federal Rule of Civil Procedure 33 states: "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). As such, when faced with the question of when to require responses to contention interrogatories, "[i]t is within the court's discretion to determine the appropriate time for responding to a contention interrogatory." *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2017 WL 2825925, at *9 (M.D. La. June 30, 2017) (citing *In re Katrina Canal Breaches,* No. 05-4182, 2007 WL 1852184, at * 3 (E.D. La. June 27, 2007)).

Indeed, "most courts agree that '[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.'" *Sigman v. CSX Corp.*, No. CV-15-13328, 2016 WL 7444947, at * 2 (S.D. W. Va. Dec. 27, 2016) (quoting *Capacchione v. Charlotte–Mecklenburg Board of Education*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)). Premature contention interrogatories may not be propounded. *Trident Management Group, LLC v. GLF Construction Corporation*, No. CV-16-17277, 2017 WL 3011144, at *3 (E.D. La. July 14, 2017). As the court in Sigman explained, there are a number of reasons to discourage the use of early contention interrogatories:

> First, there is "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed." In addition, "a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses," which are effectively useless. Moreover, in cases where the parties anticipate the production of "an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery."

Sigman, 2016 WL 7444947, at * 2 (internal citations omitted) (collecting cases); see also Firefighters' Ret. Sys., 2017 WL 2825925, at *9.

At other times, courts have required parties seeking early contention interrogatories to "show that the interrogatories were limited, specifically crafted questions seeking responses that would "contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Brassell v. Turner*, No. 05-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006) (quoting *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338 (N.D. Cal. Oct. 28, 1985)).

In the instant Motion and at oral argument, Layne argued they had not propounded contention interrogatories at all, but rather that their Interrogatories sought only Healtheon's

allegations. R. Doc. 37, p. 5-8. Consequently, Layne argued, their interrogatories were timely because they sought only to "tell Layne just what it is being accused of." *Id.*, p. 5.

The Court does not find this argument by Layne persuasive. Layne, by definition, has propounded contention interrogatories. And, like the Plaintiffs in *Trident*, Layne does so at a premature stage of the litigation. *Trident Management Group,* 2017 WL 3011144, at *3. R. Doc. 42, p. 5-7. Just as Healtheon argued, and the Scheduling Order reflects, a "substantial" amount of discovery has not yet been conducted. *Sigman*, 2016 WL 7444947, at * 2 (quoting *Capacchione*, 182 F.R.D. at 489). The Scheduling Order establishes that the discovery deadline is over four months away, written reports of proponent experts are not due until October 17, 2018, and written reports of rebuttal experts are not due until November 16, 2018. R. Doc. 22. Additionally, Layne will not take Healtheon's corporate deposition until September 5, 2018. R. Doc. 42, p. 7.

To require Healtheon to respond to contention interrogatories at this early stage of discovery would cause Healtheon to "articulate theories which have not yet been fully developed." *Id.*, *see also Firefighters' Ret. Sys.*, 2017 WL 2825925, at *9. Requiring Healtheon to commit to contentions in this way without an "adequately developed record" would lead to the same "vague, ambiguous responses" that Courts have found to be "effectively useless." *Id.* Therefore, Healtheon's objections to Interrogatory Nos. 1-7 and 10-11 are sustained.

The Court finds that the appropriate time for Healtheon to respond to Layne's contention Interrogatories is no later than fifteen (15) days after Healtheon deposes Layne's expert witness. The Court notes that by this juncture of discovery Healtheon will have had ample time to develop their contentions, and Layne's contention Interrogatories will no longer be premature.

### C. Vague and Ambiguous

Healtheon argued that Interrogatory No. 11 is vague and ambiguous, and is also a premature contention interrogatory. Interrogatory No. 11 asked Healtheon to answer what they "contend is the total value of work performed by Layne under the Contract, before any back charges, offsets, or liquidated damages." R. 37-5.

In Section B of this Order, the Court sustained Healtheon's objection for all Interrogatories that sought contentions, including No. 11. However, if No. 11 is re-propounded in compliance with the contention order then Healtheon's vague and ambiguous objection will remain an issue, and so the objection will be considered herein.

Interrogatory No. 11 asks Healtheon about the value of Layne's performance under the Contract was, without counting back charges, offsets, or liquidated damages. The Court is not persuaded by Healtheon's argument that the "value" No. 11 refers to is vague and ambiguous. Interrogatory No. 11 refers to the "value" of Layne's work to Healtheon, not to NASA, or to "some other entity" as Healtheon argued. R. Doc. 42, p. 5. It strains credulity to think that Layne would propound an interrogatory requesting Healtheon to ascertain the value of upgraded rocket engine test stands to NASA, or to society, or to "some other entity." *Id.* Therefore, Healtheon's objection to Interrogatory No. 11 is overruled.

Healtheon objected to Interrogatory No. 12 as being vague and ambiguous. No. 12 asked when NASA "sign[ed] off" on the Project. R. Doc. 37-5. Healtheon argued that No. 12 is vague and ambiguous because "sign off" is a term not defined by the Interrogatories or by the Contract. R. Doc. 42, p. 8-9.

The Court finds that the plain meaning of "sign off" is the date that NASA approved the Project with Healtheon. No convincing alternative definition of "sign off" was presented during

oral arguments. Therefore, Healtheon is compelled to answer Interrogatory No. 12 and the vague and ambiguous order is overruled.

Accordingly,

**IT IS ORDERED** that Healtheon's premature contention interrogatory objection is **SUSTAINED** for Interrogatory Nos. 1-7 and 10-11.

**IT IS FURTHER ORDERED** that Healtheon must respond to Interrogatory Nos. 1-7 and 10-11 no later than fifteen (15) days after Healtheon deposes Layne's expert witness.

**IT IS FURTHER ORDERED** that Healtheon's vague and ambiguous objection to Interrogatory Nos. 11-12 is **OVERRULED.**

New Orleans, Louisiana, this 31st day of August 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**